FILED
2011 MAR 28 P 2:57
RICHARD W. WIEKING
CLERK
N. DISTRICT

1   Michael S. Sorgen (SBN 43107)
    Ryan L. Hicks (SBN 260284)
2   LAW OFFICES OF MICHAEL S. SORGEN
    Richard A. Hoyer (SBN 151931)
3   LAW OFFICES OF RICHARD A. HOYER
    240 Stockton Street, 9th Floor
4   San Francisco, CA 94108
    T: (415) 956-1360
5   F: (415) 276-1738
    msorgen@sorgen.net, rhicks@sorgen.net
6   rhoyer@hoyerlaw.com

7   Stanley D. Saltzman (SBN 90058)
    Marcus Bradley (SBN 174156)
8   MARLIN | SALTZMAN LLP
    29229 Canwood Street, Suite 208
9   Agoura Hills, California 91301
    T: (818) 991-8080
10  F: (818) 991-8081
11  ssaltzman@marlinsaltzman.com
    mbradley@marlinsaltzman.com
12

13  Attorneys for Plaintiffs

E-filing

14              IN THE UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16

17  TANIA HERRERA and SHAMINA KHAN        CV 11 1485   EMC
    and ON BEHALF OF ALL OTHERS
18  SIMILARLY SITUATED,                   Case No.

19          Plaintiffs,                   **CLASS ACTION COMPLAINT FOR:**

20      vs.                               **VIOLATIONS OF THE FAIR LABOR
                                          STANDARDS ACT;**
21  WELLS FARGO BANK, N. A. and DOES 1-
    100,                                  **VIOLATIONS OF THE CAL. LABOR
22                                        CODE;**

23          Defendants.                   **VIOLATIONS OF THE CAL. BUS. &
                                          PROF. CODE §17200, *ET SEQ.*;**
24
                                          **INDIVIDUAL CLAIM FOR
25                                        RETALIATION IN VIOLATION OF
                                          THE CALIFORNIA FAIR
26                                        EMPLOYMENT AND HOUSING ACT
                                          (CAL. GOV. CODE §12900, *ET SEQ.*);**
27
                                          **DEMAND FOR JURY TRIAL**
28

Plaintiffs TANIA HERRERA ("Herrera") and SHAMINA KHAN ("Khan") bring this action against WELLS FARGO BANK, N. A. ("Wells Fargo" or "Defendant") on behalf of themselves and all others similarly situated and allege as follows:

## NATURE OF THE ACTION

1.      Wells Fargo is one of this Country's largest financial institutions and provides financial services – including banking, lending, credit card and insurance services – to individual and business consumers nationwide.

2.      Wells Fargo's policy and practice is to deny earned wages, including overtime pay, to its non-exempt hourly employees at its retail branch facilities throughout the country. In particular, Wells Fargo requires its employees to be present and perform work in excess of eight hours per day and./or forty hours per work week but fails to pay them overtime accordingly, and further fails to pay for all straight time hours worked. Wells Fargo also requires such employees to perform work tasks during unpaid breaks, fails to provide meal and rest breaks, fails to timely compensate employees for all wages earned and vacation time accrued at termination, and fails to properly and accurately calculate overtime and report wages earned, hours worked, and wage rates. Wells Fargo also fails to properly pay overtime on non-discretionary bonuses provided to its non-exempt employees.

3.      Wells Fargo's deliberate failure to pay its retail branch employees their earned wages and overtime compensation violates the Federal Labor Standards Act ("FLSA"), the California Labor Code, the California Business & Professions Code, and other state labor laws nationwide.

4.      Plaintiffs bring a collective action claim under § 216(b) of the FLSA against Wells Fargo for unpaid overtime compensation and related damages on behalf of themselves and all other similarly situated non-exempt retail branch employees with the job classifications of "Assistant Manager" ("AM"), "Personal Banker 1" ("PB1"), "Personal Banker 2" ("PB2") and/or "Customer Service Sales Representative" ("CSSR") nationwide.

5.      Plaintiffs bring a class action under Federal Rule of Civil Procedure 23 against Wells Fargo on behalf of all non-exempt retail branch employees with the job classifications of AM, PB1, PB2, and/or CSSR employed in California for unpaid compensation, unpaid overtime compensation, penalties for failing to provide meal and rest periods, failing to provide itemized wage statements and

1 failing to provide vacation pay, waiting time penalties and other related penalties and damages under
2 the California Labor Code and Business & Professions Code.

## PARTIES

4  6.  Defendant WELLS FARGO BANK, N.A. is a nationally chartered bank with its
5 principal place of business in California and headquarters in San Francisco, California. Defendant
6 does business in this judicial district and nationwide.

7  7.  Plaintiff TANIA HERRERA is a current resident of Union City, CA. She was
8 employed as a CSSR for defendant from July 2007 through February 14, 2011 at its retail banking
9 branches in San Leandro, Oakland and Hayward, California. Herrera consistently worked in excess of
10 eight hours per day and/or forty hours per workweek without being compensated for all overtime
11 worked or for missed meal and rest breaks.

12  8.  Plaintiff SHAMINA KHAN is a current resident of Alameda County, California. She
13 was employed as a CSSR, PB and AM for defendant from December 2004 through June 2009 at its
14 retail branches in Oakland, California. Khan consistently worked in excess of eight hours per day
15 and/or forty hours per workweek without being compensated for all overtime worked or for missed
16 meal and rest breaks.

## JURISDICTION AND VENUE

18  9.  This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the
19 claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

20  10.  This Court has supplemental jurisdiction for all claims asserted under the California
21 Labor Code and Business & Professions Code in that the claims under these California state laws are
22 part of the same case and controversy as the FLSA claims, the state and federal claims derive from a
23 common nucleus of operative fact, the state claims will not substantially dominate over the FLSA
24 claims, and exercising supplemental jurisdiction is in the interests of judicial economy, convenience
25 fairness and comity.

26  11.  The United States District Court for the Northern District of California has personal
27 jurisdiction because Wells Fargo conducts business and is headquartered within this District.

28

CLASS ACTION COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

Page 3

1    12.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Wells

2    Fargo has offices, conducts business and can be found in this District and the causes of action set

3    forth herein have arisen and occurred within this District.

4                                    **FACTUAL ALLEGATIONS**

5    13.    Wells Fargo is one of this nation's largest financial institutions, serving more than 70

6    million customers worldwide and generating over $88,686,000,000 in annual revenue in 2009. *See*

7    2009 Wells Fargo Annual Report, available at: https://www.wellsfargo.com/downloads/pdf/invest_

8    relations/wf2009annualreport.pdf at *6.

9    14.    To service the financial needs of its individual and business customers, Wells Fargo

10   operates approximately 10,000 retail locations throughout the United States, including over 1,600 in

11   California. *See* 2009 Wells Fargo Annual Report, *supra*, at *195.

12   15.    At all relevant times, Wells Fargo has been, and continues to be, an "employer"

13   engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the

14   meaning of LFSA, 29 U.S.C. § 203. At all relevant time, Wells Fargo has employed, and/or continues

15   to employ, "employee(s)," including each of the Plaintiffs, including the putative Class Members. At

16   all times relevant herein, Wells Fargo has had gross operating revenues in excess of the $500,000

17   threshold test for the "enterprise requirement under the FLSA.

18   16.    At all relevant times, Wells Fargo has been, and continues to be a "person" as that

19   term is defined under the California Business & Professions ("B&P") Code § 17201, and the

20   California Labor Code § 1-29.5.

21                        **A. Wells Fargo Retail Banking Centers**

22   17.    In its retail branch locations, Wells Fargo employs non-exempt workers under several

23   job titles, including AMs, CSSRs and PBs (collectively the "Retail Branch Employees").

24   18.    Wells Fargo classified all these Retail Branch Employees as non-exempt and entitled

25   to receive overtime pay. They are paid an hourly wage based upon a forty (40) hour workweek.

26   19.    Retail Branch Employees' primary function is to assist customers with their banking

27   needs, including opening and closing the bank branch, performing bank transactions, offering and

28

**1** branches. However, Wells Fargo has failed to install a time-keeping system that was not subject to
**2** manipulation.

**3**     26.     In light of Wells Fargo's failure to accurately record time worked, it failed to provide
**4** accurate wage statements to Retail Branch Employees identifying all hours worked.

**5**     27.     Retail Branch Employees are also eligible for quarterly non-discretionary bonuses
**6** based on their performance with respect to the aforementioned sales quotas/goals (see above).
**7** Defendant fails to include bonuses in calculating Retail Branch Employees' regular rate of pay for the
**8** purposes of compensating overtime.

**9**     28.     The same unlawful practices and procedures described above affect the non-exempt
**10** Wells Fargo workers employed nationwide, including those in California.

**11**         **B.**     **Timekeeping Systems**

**12**     29.     All non-exempt Wells Fargo Retail Branch Employees use a nationwide centralized
**13** timekeeping system to record their hours worked.

**14**     30.     If an employee does not enter their time worked for a particular workweek, the
**15** centralized timekeeping system automatically populates all of the employee's timesheets with their
**16** scheduled hours, including automatic deductions for lunch breaks.

**17**     31.     Retail Branch Employees were routinely instructed not to record overtime and
**18** informed that this time would not be paid.

**19**     32.     In accordance with Defendant's policy and practice, Retail Branch Employees often
**20** did not change their pre-populated timecards in the centralized timekeeping system when they
**21** worked more than eight hours per day and/or forty hours per week. Wells Fargo's timekeeping
**22** system records and tracks all occasions where the pre-populated timecards were submitted and should
**23** readily be ascertainable on a class wide basis.

**24**     33.     All Retail Branch Employees were required to submit their timesheets to management
**25** for approval.

**26**     34.     As part of the approval process, Wells Fargo permitted and encouraged managers to
**27** direct Retail Branch Employees to modify or decrease the time recorded, if time was recorded in
**28** addition to the pre-populated scheduled hours to deny the payment of wages, including overtime.

CLASS ACTION COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION            Page 6

**1** Requiring Retail Branch Employees change their own time sheets helped to cover the fact that time
**2** worked was being deleted at Wells Fargo's discretion.

**3**    35.    Upon information and belief, Wells Fargo routinely requires its employees delete such
**4** recorded time worked, or to refrain from recording such time to avoid paying overtime.

**5**        C.    **Facts Regarding Willfulness of Violation.**

**6**    36.    Wells Fargo engaged in systematic and uniform timekeeping practices with respect to
**7** its Retail Branch Employees that were unlawful, unfair and deceptive to those employees.

**8**    37.    Wells Fargo systematically failed to maintain a timekeeping system for its Retail
**9** Branch Employees that was immutable and not subject to manipulation at each and every retail
**10** branch.

**11**    38.    At all relevant times, Wells Fargo was aware of the fact that its timekeeping practices
**12** were improper and mutable. Moreover, the managers at each retail bank branch are present
**13** throughout the workday and both open and close the branches, and can physically see when Retail
**14** Branch Employees are present and working without compensation.

**15**    39.    The net effect of Defendant's policy and practice, instituted and approved by company
**16** management, is that Wells Fargo willfully fails to pay overtime compensation and willfully fails to
**17** keep accurate time records, in order to save payroll costs. Wells Fargo enjoys millions of dollars in
**18** ill-gained profits at the expense of its hourly employees.

**19**                    **CLASS AND COLLECTIVE ALLEGATIONS**

**20**        A.    **FLSA Collective Action.**

**21**    40.    FLSA Retail Branch Class: Plaintiffs bring the first cause of action, the FLSA claim,
**22** as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves
**23** and on behalf of the following class of persons:

**24**        All current and former non-exempt Wells Fargo employees who have worked in the
         United States at a Wells Fargo retail branch as an Assistant Manager, Customer
**25**        Service Sales Representative and/or a Personal Bankerat any time during the last three
         years plus periods of applicable tolling.
**26**
**27**    41.    Those FLSA Class Members who opt-in to this action pursuant to 29 U.S.C. § 216(b)
     may pursue the FLSA claim.
**28**
CLASS ACTION COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION                Page 7

1    42.    The Plaintiffs, individually and on behalf of other similarly situated employees, seek

2  relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing

3  to accurately record all hours worked, failing to pay employees for all hours worked, including

4  overtime compensation, and failing to properly calculate and pay overtime compensation that was

5  recorded. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs

6  may be determined from Defendant's records, and potential class members may be easily and quickly

7  be notified of the pendency of this action.

8          **B.    California Rule 23 Class.**

9    43.    California Retail Branch Class: Plaintiffs bring the second through eighth causes of

10  action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of themselves and the

11  following class of persons:

12         All current and former non-exempt Wells Fargo employees who have worked in
           California at a Wells Fargo retail branch as an Assistant Manager, Customer Service
13         Sales Representative and/or Personal Banker at any time since the date four years prior
           to this filing.

14
     44.    Excluded from the California Class are Wells Fargo, its legal representatives,
15
     assignees and successors. Also excluded are the judge to whom this case is assigned and any member
16
     of the judge's immediate family.
17
     45.    All similarly situated persons who do not opt-out of the California Class, if certified
18
     for class-wide treatment, may pursue the California state law claims.
19
           **C.    California Class Action Allegations.**
20
     46.    Numerosity: The members of the California Class are so numerous that joinder of all
21
     members is impracticable. The exact number of class members is unknown at the present time for
22
     each of these Classes, but the number should easily be in the thousands.
23
     47.    Commonality: There are numerous questions of law and fact common to the California
24
     Class. These questions include, but are not limited to:
25
           A. Whether Wells Fargo's policies and practices described in this Complaint were
26
              and are illegal;
27

28

CLASS ACTION COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION                    Page 8

1    B. Whether Wells Fargo has engaged in a common course of failing to compensate its

2       non-exempt employees for all hours worked, including straight time and overtime;

3    C. Whether Wells Fargo has engaged in a common course of requiring or permitting

4       its non-exempt employees to work off the clock without compensation;

5    D. Whether Wells Fargo has engaged in a common course of requiring or permitting

6       its non-exempt employees not to report all hours worked;

7    E. Whether Wells Fargo has engaged in a common course of failing to maintain

8       accurate time records for all hours worked by its non-exempt employees;

9    F. Whether Wells Fargo has engaged in a common course of failing to factor in all

10      forms of remuneration to calculate overtime pay rates;

11   G. Whether Wells Fargo has engaged in a common course of failing to provide non-

12      exempt employees with accurate itemized wage statements;

13   H. Whether Wells Fargo has engaged in a common course of instructing its non-

14      exempt employees to alter their time records;

15   I. Whether Wells Fargo has engaged in a common course of failing to provide its

16      non-exempt employees with all of the rest breaks to which they are entitled;

17   J. Whether Wells Fargo has engaged in a common course of failing to provide its

18      non-exempt employees with uninterrupted, off-duty meal periods;

19   K. Whether Wells Fargo has engaged in a common course of failing to pay non-

20      exempt employees all wages due upon termination;

21   L. Whether Wells Fargo has engaged in a common course of failing to pay its non-

22      exempt employees for all vested and unused vacation pay at the time of

23      termination;

24   M. Whether Wells Fargo has engaged in unfair competition by the above-listed

25      conduct; and

26   N. Whether Wells Fargo's actions were willful.

27   48.   Typicality: The claims of each Class Representative are typical of the claims of their

28   respective Classes. The Class Representatives were paid under the same policy and procedure as all

CLASS ACTION COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

**1** members of their respective Classes. Similarly, the Class Representatives' claims, like the claims of
**2** their respective Classes, arise out of the same common course of conduct by Defendant and are based
**3** on the same legal and remedial theories.

**4**      49.    Adequacy: The Class Representatives will fairly and adequately protect the interests of
**5** their respective Classes. The Class Representatives have retained competent and capable attorneys
**6** who are experienced trial lawyers with significant experience in complex and class action litigation,
**7** including employment, and more specifically, wage and hour, litigation. The Class Representatives
**8** and their counsel are committed to vigorously prosecuting this action on behalf of the respective
**9** Classes and have the financial resources to do so. Neither the Class Representatives nor their counsel
**10** have interests that are contrary to or that conflict with those of the proposed Classes.

**11**      50.    Predominance: Certification of the respective classes is appropriate under Fed. R. Civ.
**12** P. 23(b)(3) because questions of law and fact common to class members predominate over any
**13** questions affecting only individual members. Adjudication of these common issues in a single action
**14** has important and desirable advantages of judicial economy. Moreover, there are no unusual
**15** difficulties likely to be encountered in the management of this case as a class action.

**16**      51.    Superiority: The class action mechanism is superior to any alternatives that might exist
**17** for the fair and efficient adjudication of these claims. Proceeding as a class action would permit the
**18** large number of injured parties to prosecute their common claims in a single forum simultaneously,
**19** efficiently and without unnecessary duplication of evidence, effort and judicial resources. A class
**20** action is the only practical way to avoid the potentially inconsistent results that numerous individual
**21** trials are likely to generate. Moreover, class treatment is the only realistic means by which Plaintiffs
**22** can effectively litigate against a large, well-represented corporate defendant like Wells Fargo. In the
**23** absence of a class action, Wells Fargo would be unjustly enriched because they would be able to
**24** retain the benefits and fruits of the many wrongful violations of California state laws. Numerous
**25** repetitive individual actions would also place an enormous burden on the courts as they are forced to
**26** take duplicative evidence and decide the same issues relating to Wells Fargo's conduct over and over
**27** again.

**28**

1    52.    Appropriateness of Injunctive and Declaratory Relief. Wells Fargo has acted or

2  refused to act on grounds generally applicable to the California Class, thereby making final injunctive

3  relief or corresponding declaratory relief appropriate with respect to the California Class as a whole.

4  Prosecution of separate actions by individual members of the California Class would create the risk

5  of inconsistent or varying adjudications with respect to individual members of the California Class

6  that would establish incompatible standards of conduct for Defendant.

7

8                              **FIRST CAUSE OF ACTION**
                    **FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(B))**
                **(BROUGHT BY THE PLAINTIFFS ON BEHALF OF THEMSELVES**
9                       **AND ALL OTHERS SIMILARLY SITUATED)**

10    53.    Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set

11  forth herein.

12    54.    At all times material herein, Plaintiffs have been entitled to the rights, protections, and

13  benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

14    55.    The FLSA regulates, among other things, the payment of overtime pay by employers

15  whose employees are engaged in interstate commerce, or engaged in the production of goods for

16  commerce or employed in an enterprise engaged in commerce or in the production of goods for

17  commerce. 29 U.S.C. § 207(a)(1).

18    56.    Wells Fargo is subject to the overtime pay requirements of the FLSA because it is an

19  enterprise engaged in interstate commerce and its employees are engaged in commerce.

20    57.    Wells Fargo violated the FLSA by failing to pay and properly calculate overtime. In

21  the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep

22  accurate records of all hours worked by its employees.

23    58.    Wells Fargo failed to compensate the Plaintiffs and all similarly situated employees at

24  a rate of not less than one and one-half times the regular rate of pay for work performed in excess of

25  forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the

26  FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. § 207(a)(1).

27

28

CLASS ACTION COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

Page 11

59.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs or all other similarly situated employees.

60.     Plaintiffs and all similarly situated employees are victims of a uniform and company-wide compensation policy. Upon information and belief, Wells Fargo is applying this uniform policy of illegally reducing or modifying recorded hours, including overtime hours, to all non-exempt Retail Branch Employees employed nationwide during the last three years. Defendant is also applying its uniform policy of: refusing to allow Plaintiffs, and all other similarly situated Retail Branch Employees, to properly record all hours worked, including hours worked in excess of forty per work week; instructing employees to erase or modify their timesheets to eliminate or reduce hours worked, including overtime hours; providing "comp time" in lieu of paying overtime; requiring them to work during uncompensated breaks; and failing to pay overtime on bonus pay.

61.     Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Wells Fargo acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

62.     Wells Fargo has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did act with good faith and reasonable grounds in failing to pay overtime, Plaintiffs and all similarly situated employees are entitled to an award of pre-judgment interest at the applicable legal rate.

63.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, Wells Fargo has unlawfully withheld overtime compensation from Plaintiffs and all similarly situated employees. Accordingly, Wells Fargo is liable for compensatory damages pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment

1  interest, reasonable attorneys' fees, costs of this action, and such other legal and equitable relief as

2  the Court deems just and proper.

3      WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for

4  relief as follows:

5          A. Designation of this action as a collective action on behalf of the proposed FLSA

6             classes and promptly issue notice pursuant to 29 U.S.C. § 216(b) to all members of

7             the FLSA opt-in classes apprising them of the pendency of this action and

8             permitting them to assert timely FLSA claims in this action by filing individual

9             consents to join pursuant to 29 U.S.C. § 216(b);

10         B. A declaration that Wells Fargo is financially responsible for notifying all FLSA

11            Class Members of its alleged wage and hour violations;

12         C. Designation of Plaintiffs' Counsel as the attorneys representing the putative

13            collective action plaintiffs;

14         D. A declaratory judgment that the practices complained of herein are unlawful under

15            the FLSA, 29 U.S.C. § 201 *et seq.*;

16         E. An award of damages for overtime compensation due to the FLSA Class Members

17            and all others similarly situated, including liquidated damages, to be paid by Wells

18            Fargo;

19         F. Costs and expenses of this action incurred herein, including reasonable attorneys'

20            fees and expert fees;

21         G. Pre-Judgment and post-Judgment interest, as provided by law; and

22         H. Any and all such other and further legal and equitable relief as this Court deems

23            necessary, just and proper.

24                            **SECOND CAUSE OF ACTION**
                         **FAILURE TO PAY STRAIGHT TIME WAGES**
25                        **(CALIFORNIA LABOR CODE §§ 204, 218)**
           **(BROUGHT BY PLAINTIFFS ON BEHALF OF THEMSELVES AND ALL OTHERS**
26                              **SIMILARLY SITUATED)**

27      64.    Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set

28  forth herein.

1    65.    California law requires an employer to pay its employees for all hours worked.

2    66.    Plaintiffs allege that Wells Fargo maintained a practice of paying employees without

3 regard to the number of hours actually worked. Defendant's practice included requiring employees to

4 work off the clock without pay on a systematic and daily basis. In doing so, Wells Fargo required

5 Plaintiffs and the California Class Members to inaccurately under-report the amount of time worked,

6 and Defendant underpaid the actual amount of hours worked.

7    67.    Because of Wells Fargo's failures as alleged herein, Plaintiffs and the California Class

8 Members did not receive compensation for all hours actually worked for Defendant.

9    68.    Wells Fargo's respective failure to pay the correct amount of straight-time hourly

10 wages permits a civil suit to recover wages due to Plaintiffs and the California Class Members under

11 California Labor Code § 204 and § 218, as well as recovery of interest.

12    **THIRD CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
13    **(CALIFORNIA LABOR CODE §§ 204, 210, 510, 515 558, 1194)**
**(BROUGHT BY PLAINTIFFS ON BEHALF OF THEMSELVES AND ALL OTHERS**
14    **SIMILARLY SITUATED)**

15    69.    Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set

16 forth herein.

17    70.    Plaintiffs, on behalf of themselves and the California Class Members, bring a claim for

18 Wells Fargo's violation of the California Labor Code §§ 204, 210, 510, 515, 558 and 1194 and

19 California Industrial Wage Order No. 4 (8 C.C.R. § 11040, as amended throughout the Class Period)

20 for its failure to pay them and the California Class Members for hours worked in excess of eight per

21 day, or forty per work week.

22    71.    California Labor Code § 204 requires employers to pay employees for all hours

23 worked.

24    72.    California Labor Code § 515 sets out various categories of employees who are exempt

25 from the overtime requirements of the law. None of these exemptions are applicable to the Plaintiffs

26 or the California Class Members.

27    73.    Throughout the liability period, IWC Wage Order No. 4 (8 C.C.R. § 11040) and

28 California Labor Code § 510 required payment of overtime premium(s) for hours worked in excess of

CLASS ACTION COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION                    Page 14

1 || eight in a given workday, forty in a given workweek, or up to eight hours on the seventh day worked

2 || in a single workweek. This premium increases to double-time for all hours worked over twelve in a

3 || workday or eight on the seventh day worked in a single workweek.

4      74.     Plaintiffs and the California Class Members often worked in excess of the maximum

5 || number of straight-time hours allowed by law without payment of the applicable overtime premiums.

6      75.     Wells Fargo failed to pay the Plaintiffs and the California Class Members the overtime

7 || required by California law.

8      76.     Wells Fargo's failure to pay the correct amount of overtime violates IWC Wage Order

9 || No. 4 (8 C.C.R. § 11040, as amended during the Class Period), and California Labor Code §§ 510

10 || and 1198, and is therefore unlawful.

11     77.     Because Wells Fargo failed to properly pay overtime as required by law, Plaintiffs and

12 || the California Class Members are entitled under California Labor Code § 1194(a) to recover the

13 || unpaid overtime balance, interest thereon, reasonable attorneys' fees, and costs of suit.

14

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY WAGES DUE AND OWING AT TIME OF TERMINATION**

15
**(CALIFORNIA LABOR CODE §§ 201-203)**
**(BROUGHT BY PLAINTIFFS ON BEHALF OF THEMSELVES AND ALL OTHERS**

16
**SIMILARLY SITUATED)**

17     78.     Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set

18 || forth herein.

19     79.     Plaintiffs, on behalf of themselves and the California Class Members, bring a claim for

20 || Wells Fargo's violation of California Labor Code §§ 201-203 by failing to timely pay all wages owed

21 || upon the termination of Plaintiffs and all California Class Members whose employment terminated

22 || during the class period.

23     80.     California Labor Code § 201 requires an employer who discharges an employee to pay

24 || compensation due and owing to said employee upon discharge.

25     81.     California Labor Code § 202 requires an employer to promptly pay compensation due

26 || and owing to a quitting employee within 72 hours of that employee's notice of resignation.

27

28

CLASS ACTION COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

**1**       82.    California Labor Code § 203 provides that, if an employer willfully fails to pay

**2**  compensation upon discharge or resignation, the wages of the employee shall continue for a period

**3**  up to thirty days.

**4**       83.    Wells Fargo has willfully failed to pay all compensation and wages owed, including

**5**  straight time and overtime pay, upon discharge or within 72 hours of termination. As a result,

**6**  Defendant is liable to Plaintiffs and the California Class Members who are former Wells Fargo

**7**  employees for continuation wages in an amount to be determined at trial. Plaintiffs and the former

**8**  California Class Members are also entitled to payment of their reasonable attorneys' fees, interest and

**9**  costs of suit incurred in recovering the additional pay.

**10**
**11**
**12**

**FIFTH CAUSE OF ACTION**
**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**
**(CALIFORNIA LABOR CODE §§ 226)**
**(BROUGHT BY PLAINTIFFS ON BEHALF OF THEMSELVES AND ALL OTHERS**
**SIMILARLY SITUATED)**

**13**       84.    Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set

**14**  forth herein.

**15**       85.    Plaintiffs, on behalf of themselves and the California Class Members, bring a claim for

**16**  Wells Fargo's violation of California Labor Code § 226 by failing to provide an accurately itemized

**17**  statement in writing showing the correct amount of pay for gross wages earned, hours worked,

**18**  applicable hourly rates, and the corresponding number of hours worked at each hourly rate.

**19**       86.    California Labor Code § 226 requires an employer to provide its employees with an

**20**  accurate itemized statement in writing showing, among other things, the total hours worked by the

**21**  employee. California Labor Code § 226 provides for damages and penalties for a knowing and

**22**  intentional failure by an employer to comply with this requirement.

**23**       87.    Wells Fargo has knowingly and intentionally failed to provide accurate itemization of

**24**  Plaintiffs' and California Class Members' hours worked per paycheck.

**25**       88.    Had the Plaintiffs received an accurate itemization of their hours worked, they, among

**26**  other things, would have been able to discover that Wells Fargo's policy was to underpay them for

**27**  their actual time worked. Failure to provide an itemization of hours worked assisted Defendant in

**28**  perpetrating its policy and not paying for actual hours worked.

CLASS ACTION COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

1      89.     As a result, Wells Fargo is liable to Plaintiffs and the California Class Members for

2 damages in an amount to be determined at trial. In addition, Plaintiffs and the California Class

3 Members are entitled to penalties as provided in § 226 and payment of their reasonable attorneys'

4 fees and costs of suit incurred in recovering the additional pay.

5

**SIXTH CAUSE OF ACTION**
**FAILURE TO PROVIDE REST AND MEAL BREAKS**

6

**(CALIFORNIA LABOR CODE §§ 226.7, 512)**
**(BROUGHT BY PLAINTIFFS ON BEHALF OF THEMSELVES AND ALL OTHERS**

7

**SIMILARLY SITUATED)**

8      90.     Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set

9 forth herein.

10      91.     Plaintiffs, on behalf of themselves and the California Class Members, bring a claim for

11 Wells Fargo's violations of California Labor Code §§ 226.7 and California Industrial Wage Order

12 No. 4 (8 C.C.R. § 11040), as amended throughout the Class Period) by failing to provide off-duty rest

13 and meal periods. In particular, Defendant requires the Plaintiffs and the California Class Members to

14 perform work during break times.

15      92.     Plaintiffs and the California Class Members regularly worked in excess of five (5)

16 hours per day without being afforded at least one half-hour meal period in which they were relieved

17 of all duty, as required by California Labor Code §§ 226.7 and 512 and Wage Order No. 4 (8 C.C.R.

18 § 11040).

19      93.     Plaintiffs and the California Class Members routinely worked in excess of four hours

20 per day without being afforded a 10-minute rest period.

21      94.     Plaintiffs and the California Class Members routinely worked in excess of eight hours

22 per day without being afforded either or both of the two (2) 10-minute rest periods as required by

23 California Labor Code § 226.7 and Wage Order No. 4 (8 C.C.R. § 11040).

24      95.     For each time that a member of the California Class was not provided the rest and/or

25 meal period, that individual is entitled to recover back pay wages in the amount of one additional

26 hour of pay at each employee's regular rate of compensation pursuant to IWC Wage Order No. 4 (8

27 C.C.R. § 11040) and California Labor Code § 226.7.

28

**1**  96.  Plaintiffs and the California Class Members are entitled to payment for back pay for

**2**  each rest and/or meal period that Wells Fargo failed to provide during the Class Period. Plaintiffs and

**3**  the California Class Members are also entitled to payment of their reasonable attorneys' fees and

**4**  costs of suit incurred in recovering the additional pay.

**5**
**6**
**7**

**SEVENTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
**(CALIFORNIA BUSINESS &PROFESSIONS CODE § 17200)**
**(BROUGHT BY PLAINTIFFSON BEHALF OF THEMSELVES AND ALL OTHERS**
**SIMILARLY SITUATED)**

**8**  97.  Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set

**9**  forth herein.

**10**  98.  Plaintiffs, on behalf of themselves and the California Class Members, bring a claim for

**11**  Wells Fargo's violation of the California Business & Professions Code § 17200 *et seq.*, including but

**12**  not limited to its violations of FLSA and California state law (including the failure to maintain

**13**  accurate employee time records, the failure to pay for all hours worked, including overtime

**14**  compensation, the failure to provide and pay for meal and rest periods, and the failure to pay all

**15**  wages due upon discharge or termination). This conduct by Wells Fargo constitutes unlawful, unfair,

**16**  fraudulent, and misleading conduct. Such unlawful and unfair acts constitute a violation of California

**17**  Business and Professions Code § 17200 *et seq.*

**18**  99.  At all times material herein, Plaintiffs and the California Class Members have been

**19**  entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

**20**  100.  The FLSA regulates, among other things, the payment of overtime by employers

**21**  whose employees are engaged in commerce, or engaged in the production of goods for commerce, or

**22**  employed in an enterprise engaged in commerce or in the production of goods for commerce. 29

**23**  U.S.C. § 207(a)(1).

**24**  101.  Wells Fargo was, and is, subject to the timekeeping and overtime pay requirements of

**25**  the FLSA because Defendant is an enterprise engaged in commerce and its employees are engaged in

**26**  commerce.

**27**  102.  Wells Fargo violated the FLSA by failing to keep accurate records of hours worked

**28**  and failing to pay the Plaintiffs and the California Class Members for all time worked.

1    103.    Plaintiffs and the California Class Members are victims of a company-wide policy that
2 || led to Wells Fargo's failure to: (i) record and maintain accurate time records; and (ii) pay for all
3 || hours worked.

4    104.    As a result of the aforesaid violations of the FLSA's provisions, Wells Fargo has
5 || violated the California Business & Professions Code § 17200 et seq.

6    105.    Further, Wells Fargo's violation of the California Labor Code's and IWC Wage
7 || Order's provisions as discussed above are predicate acts that constitute a violation of § 17200 as to
8 || Plaintiffs and the California Class Members.

9    106.    Wells Fargo's actions, including but not limited to their FLSA and California state law
10 || violations (including the failure to maintain accurate employee time records, failure to pay for all
11 || time worked, failure to pay overtime compensation, failure to provide and pay for rest and meal
12 || periods and to pay all amounts due at the time of termination of employment) constitute unlawful,
13 || unfair, fraudulent and misleading conduct. Such actions are also unfair business practices in violation
14 || of California Business & Professions Code § 17200, et seq.

15    107.    Wells Fargo's unlawful, unfair and deceptive practices are uniform as to all retail
16 || banking locations and all hourly employees in California, and the propriety of which are therefore
17 || amenable to class wide adjudication. The predominate common questions applicable to all of the
18 || California Class Members include whether Defendant's mutable time-keeping system used for retail
19 || locations complies with Defendant's legal burden and obligations as an employer under California
20 || law.

21    108.    Plaintiffs are informed and believe that Wells Fargo continues its unlawful and unfair
22 || conduct as previously described because Defendant continues to refuse to pay for all wages earned by
23 || Plaintiffs and the California Class Members. As a result of said conduct, Wells Fargo has unlawfully
24 || and unfairly obtained monies owed to Plaintiffs and the California Class Members and has unfairly
25 || competed in the marketplace.

26 || ///

27 || ///

28
CLASS ACTION COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

Page 19

**EIGHTH CAUSE OF ACTION**
**FORFEITURE OF VACATION PAY**
**(CALIFORNIA LABOR CODE § 227.3)**
**(BROUGHT BY PLAINTIFFS ON BEHALF OF THEMSELVES AND ALL OTHERS**
**SIMILARLY SITUATED)**

109.     Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

110.     California Labor Code § 227.3 makes it unlawful for an employer to cause an employee to forfeit vacation pay without compensating the employee for the vacation time at the rate of pay in effect at the time of forfeiture.

111.     During the Class Period, Wells Fargo caused Plaintiffs and California Class Members to forfeit vested paid vacation days without providing monetary compensation for it, based on their rate of pay in effect at that time. Plaintiffs are informed and believe and thereon allege that Defendant has maintained a policy and/or practice of causing the members of the California Class to forfeit vested paid vacation days without compensating them for forfeited days based on their rates of pay in effect at the time of forfeiture.

112.     As a result of the above, Plaintiffs and California Class Members seek damages and restitution, plus interest, penalties, attorneys' fees, expenses and costs of suit, on behalf of both themselves and the other California Class Members, for forfeited vacation days in amounts subject to proof at trial.

WHEREFORE, Plaintiffs, on behalf of themselves and the California Class Members, pray for relief as follows for the Second through Eighth Causes of Action:

A. Designation of this action as a class action under Federal Rule of Civil Procedure 23 on behalf of the California Class Members and issuance of notice to all California Class Members, apprising them of the pendency of this action;

B. A declaration that Wells Fargo is financially responsible for notifying all California Class Members of its alleged wage and hour violations;

C. Designation of Plaintiffs as Class Representatives for the California Class Members;

1    D. Designation of Plaintiffs' Counsel as Class Counsel for the California Class

2        Members;

3    E. A declaratory judgment that the practices complained of herein are unlawful under

4        the California Labor Code, IWC Wage Order and the California Business &

5        Professions Code;

6    F. An injunction against Wells Fargo and its officers, agents, successors, employees,

7        representatives and any and all persons acting in concert with Defendant, as

8        provided by law, from engaging in each of the unlawful practices, policies and

9        patterns set forth herein;

10    G. An award of damages, including for straight time and overtime compensation due

11        and unpaid vacation days as well as any liquidated, punitive or penalty damages

12        allowed under California law, to be paid by Wells Fargo;

13    H. An award of restitution for wages due to Plaintiffs and California Class Members

14        to be paid by Wells Fargo in accordance with proof at trial;

15    I.  Costs and expenses of this action incurred herein, including reasonable attorneys'

16        fees and expert fees;

17    J.  Pre-judgment and post-judgment interest, as provided by law; and,

18    K. Any and all such other and further legal and equitable relief as this Court deems

19        necessary, just and proper.

20                        **NINTH CAUSE OF ACTION**
                         **RETALIATORY TERMINATION**
21        **(CALIFORNIA GOVERNMENT CODE § 12900, *ET SEQ.*)**
                **(BROUGHT BY PLAINTIFF HERRERA INDIVIDUALLY)**
22

23    113.    Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set

24  forth herein.

25    114.    Herrera began her employment with Wells Fargo on or around June 2007 at

26  Defendant's San Leandro "Main" branch as a CSSR. In September 2007, She transferred to

27  Defendant's Oakland branch at 40th Street and Piedmont Avenue, where she held the same position

28  until her transfer to Defendant's "Dimond District" location in Oakland during February 2008. She
CLASS ACTION COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION
                                                                                Page 21

1 worked as a CSSR at the "Dimond District" branch until she transferred to the Hayward "Main"
2 branch in December 2009. Herrera worked as a CSSR at the Hayward branch until Wells Fargo
3 terminated her on February 14, 2011.

4     115.   Herrera became romantically involved with another Wells Fargo employee, former
5 branch manager Hector Valdez, during late 2008. The two engaged to marry during June 2009 and
6 their relationship and subsequent engagement was common knowledge among Defendants'
7 employees and management at both of their respective branches as of June 12, 2009.

8     116.   From June 5, 2010 to November 8, 2010, Herrera was out on maternity leave to the
9 birth of her and Valdez' son, who was born on July 3, 2010. At some point during Herrera's
10 maternity leave, Wells Fargo implemented a new policy requiring CSSRs to scan documents
11 containing customer signatures and send them to the Wells Fargo Corporate Operations Department,
12 replacing the former policy of sending such documents via Wells Fargo's internal mail system. When
13 Herrera returned to work from her maternity leave, Wells Fargo never informed her of this change in
14 policy, and Herrera continued to send the signature documents via internal mail in accordance with
15 the old policy. Wells Fargo never reprimanded or disciplined Herrera for continuing to follow the old
16 policy, and in fact, the signature documents always arrived at their destination, regardless of the
17 method of transmission used.

18     117.   In January 2010, the District Manager, Adnan Siddiqui, terminated Valdez. On
19 January 5, 2011 Valdez filed a claim with the Department of Fair Employment and Housing, alleging
20 that his termination was discriminatory. In early February 2011, Valdez sent demand letters related to
21 his discrimination claim to the parties involved in that dispute, including Siddiqui.

22     118.   On February 14, 2011, within two weeks of receiving Valdez' demand letters, Wells
23 Fargo terminated Herrera in retaliation for Valdez having filed his discrimination claim. In a letter
24 informing her of her termination, Defendant indicated that it fired Herrera for "Violation of Company
25 Policies" and "Based on the violation(s) listed above [Wells Fargo has] terminated [Herrera's]
26 employment with Wells Fargo effective 2/15/2011 and [Herrera is] not eligible for rehire." At the
27 time of her termination, Herrera was the number one CSSR in terms of sales in the entire district,
28 which included approximately ten retail branches.

119. Ultimately Wells Fargo informed Herrera that it had terminated her for a single violation of the policy regarding scanning signature pages, despite Herrera explaining to Defendant that she had sent the signature document using the only policy she was aware of, and despite the fact that Herrera still possessed the signature document, meaning it had not been lost and could still be scanned and forwarded electronically. Indeed, a Wells Fargo investigator told Herrera that as long as she still retained the signatures themselves, she would "be fine."

120. As a proximate result of the retaliatory harassment and termination of plaintiff, as alleged above, Plaintiff has been harmed in that she has lost wages, bonuses and benefits, in an amount according to proof, which amount exceeds the jurisdictional threshold of this court.

121. As a further proximate result of Defendant's unlawful acts, Plaintiff has suffered humiliation, anguish and emotional and physical distress. As a result of such consequent harm, Plaintiff has been damaged in an amount according to proof, which amount exceeds the jurisdictional threshold of this court.

122. Defendant's engaged in the conduct described above with malice, oppression, fraud, and in reckless disregard for the rights of Plaintiff.

123. Herrera has been forced to retain attorneys to represent her and has incurred legal fees and costs.

124. Within one year of the last act of retaliation by Defendant alleged herein, Plaintiff filed a charge of retaliation against Defendants with the California Department of Fair Employment and Housing. A notice of the right to bring this civil action was issued on March 3, 2011.

WHEREFORE, Herrera prays for relief as follows for the Ninth Cause of Action:

A. A declaratory that her termination was retaliatory in violation of the FEHA;

B. An award of damages, including lost wages, bonuses and benefits, and emotional and physical distress, as well as any punitive or penalty damages allowed under California law, to be paid by Wells Fargo;

C. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

D. Pre-judgment and post-judgment interest, as provided by law; and,

CLASS ACTION COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION

Page 23

1        E.  Any and all such other and further legal and equitable relief as this Court deems

2        necessary, just and proper.

3        **DEMAND FOR JURY TRIAL**

4      Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which

5      they have a right to jury trial.

6

7      Respectfully submitted,

8

9      DATED: March 25, 2011

                   By_____

10                     Michael S. Sorgen

                     Ryan L. Hicks

11                     LAW OFFICES OF MICHAEL S. SORGEN

12                     Richard A. Hoyer

                     David C. Lipps

13                     HOYER & ASSOCIATES

14                     Stanley D. Saltzman

                     Marcus Bradley

15                     MARLIN | SALTZMAN, LLP

16                     Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR WAGE AND HOUR VIOLATIONS; RETALIATION