UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TANIA HERRERA and SHAMINA KHAN, and ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., and DOES 1-100,<br><br>Defendants. | Case No: C 11-1485 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**<br><br>Dkt. 14 |

The parties are presently before the Court on Defendant's Motion to Transfer and Alternative Motion to Stay in Favor of Prior Action. Dkt. 14. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendant's motion to transfer. The Court, in its discretion, finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **BACKGROUND**

Plaintiffs Tania Herrera and Shamina Khan (collectively "Plaintiffs") filed the instant wage and hour class action in this Court against Defendant Wells Fargo Bank ("Wells Fargo" or "Defendant") on March 28, 2011. They purport to bring a collective action under the Fair Labor Standards Act ("FLSA") on behalf of "a class of current and former Wells Fargo employees who have worked in the United States at a Wells Fargo retail branch as an Assistant Manager, Customer Service Sales Representative and/or Personal Banker at any time during the last three years[.]" Compl. ¶ 40. In addition, Plaintiffs seek to bring a class action under Federal Rule of Civil Procedure 23 on behalf of

the same type of employees who worked in California during the four years prior to the commencement of this action. Compl. ¶ 43.

Plaintiffs allege, inter alia, that Wells Fargo failed to compensate such employees for overtime wages for off-the-clock hours worked and failed to provide meal and rest breaks in violation of federal and California law. Id. The pleadings state a federal claim under the FLSA and seven causes of action based on violations of California law for: Failure to pay straight time wages in violation of the California Labor Code; failure to pay overtime wages in violation of the California Labor Code; failure to pay wages owed at termination; failure to provide accurate wage statements; failure to provide meal and rest breaks; violation of California's Unfair Business Practices Act based on Wells Fargo's alleged violations of the FLSA and California law; and forfeiture of vacation pay. Wells Fargo filed its Answer on May 4, 2011. Dkt. 5.

Wells Fargo has now filed a motion to transfer the instant action to the Southern District of Texas, Houston Division, where a similar lawsuit was previously filed against it. See Richardson, et al., v. Wells Fargo Bank N.A., No. 4:11-CV-00737 ("the Richardson action"). Wells Fargo contends that a transfer of venue, or alternatively, a stay of the instant action, is warranted under the first-to-file rule. Plaintiffs oppose the motion on the grounds that the two actions involve separate and distinct parties and issues. The motion is fully briefed and is ripe for adjudication.

## II. LEGAL STANDARD

"[T]he well-established 'first to file rule[ ]' ... allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 623 (9th Cir. 1991). "[T]he 'first to file' rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly." Church of Scientology v. U.S. Dep't of the Army, 611 F.2d 738, 750 (9th Cir. 1979). The first-to-file rule, however, should not be applied mechanically, but "rather is to be applied with a view to the dictates of sound judicial administration" with a goal toward avoidance of conflicting judgments and placement of an unnecessary burden

on the federal judiciary. Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). In exercising its discretion to transfer, dismiss or stay an action under the first-to-file rule, a court should consider: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. Z–Line Designs, Inc. v. Bell'O Int'l LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (Whyte, J.).

## III. DISCUSSION

### A. APPLICATION OF THE FIRST-TO-FILE RULE

There is no dispute that the Richardson action was filed before the instant action and that Wells Fargo is the sole defendant in both actions. Plaintiffs nonetheless argue that the parties are dissimilar because the Richardson action does not include a class comprised of California employees. Pl.'s Opp'n at 6, Dkt. 18. But "exact identity is not required to satisfy the first-to-file rule. The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc., 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008) (Armstrong, J.). As such, the absence of a California subclass from the Richardson action is not determinative, particularly given that both actions involve the same defendant and a virtually identical FLSA class of employees.[1]

Equally uncompelling is Plaintiffs' ancillary assertion that the putative class in the Richardson action is limited to Personal Bankers whereas this action is brought on behalf of Personal Bankers as well as Assistant Managers and Customer Service Sales Representatives. Pls.' Opp'n at 2-3. This contention lacks merit. In fact, the Richardson action defines the class as persons "who worked as a 'personal banker' *or with any similar title who performed similar duties* of [the representative plaintiff]." Mot. Ex. A ¶ 2.2 (emphasis added). Although Assistant Managers and Customer Service Sales Representatives are included in the class definition in this action, they are construed

---

[1] The class period in this action with respect to the FLSA class differs from the class in the Richardson action by two weeks. Compare Compl. ¶ 40 with Def.'s Mot. Ex. A ¶ 5.6.

interchangeably with Personal Bankers. See Compl. ¶ 43 (defining the class as persons working "as an Assistant Manager, Customer Services Sales Representative *and/or* Personal Bank") (emphasis added).  Moreover, Plaintiffs ignore their allegations that issues of fact and law are sufficiently common as to Personal Bankers, Assistant Managers and/or Customer Service Sales Representatives to justify class certification.  Compl. ¶ 47. Notably, the Complaint makes no distinction between these employees, and instead refers to them collectively as "Retail Branch Employees."  Id. ¶ 17.  Given these allegations, Plaintiffs cannot legitimately claim that the putative class in this action is separate and distinct from the class in the Richardson action.

The Court also is not persuaded by Plaintiffs' contention that the legal issues involved in both actions are not substantially similar.  See Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1099 (N.D. Cal. 2006) ("the issues in the first and second action need not be identical but 'substantially similar.'") (Patel, J.).  Both cases assert identical violations of the FLSA which are based on the same practices occurring during essentially the same time period.  Plaintiffs counter that the actions are different because the Richardson action does not allege any claims based on state law.  However, Plaintiffs' California and FSLA claims are based on the same alleged practice of failing to pay non-exempt employees working at its retail branches overtime wages for time worked in excess of forty hours per week.  And although California and the FSLA's overtime provisions differ in some respects, courts have recognized the similarity in their provisions.  See TriTech Software Sys. v. U.S. Specialty Ins. Co., No. CV10-00094-R (VBKx), 2010 WL 5174371, at *6 (C.D. Cal. Dec. 13, 2010).  Thus, the Court concludes that the issues presented in both actions are substantially similar for purposes of the first-to-file rule.[2]

---

[2] Plaintiffs' reliance on Gardner v. GC Serv., LP, No. 10-CV-997 IEG (CAB), 2010 WL 2721271 (S.D. Cal. July 6, 2010) is misplaced.  In Gardner, the complaint alleged only state law wage and hour violations brought on behalf of California employees, while the earlier-filed action alleged only an FLSA claim and specifically excluded California employees.  As discussed, there is substantial overlap between the putative classes and legal claims in both this and the Richardson action.

### B. EQUITABLE CONCERNS

Plaintiffs argue that even if there are grounds for transferring the action under the first-to-file rule, the Court should decline to do so for equitable reasons. First, Plaintiffs maintain that this Court and the Southern District of Texas will be able to coordinate discovery, thereby avoiding the unnecessary expenditure of resources. Pls.' Opp'n at 10. However, the coordination of discovery does not address the potential duplication of effort inherent in having two federal district courts overseeing discovery, when one would be more efficient. Nor would it avoid the potential for inconsistent decisions that would otherwise be ameliorated if the cases were before the same court. That aside, there is no evidence that the plaintiffs in the Richardson action would be amenable to coordinating discovery with the Plaintiffs herein.

Next, Plaintiffs claim that the action should remain in this Court on the grounds that California has a substantial interest in enforcing its laws, and that such interest would be jeopardized if the action were transferred. Pls.' Opp'n at 10. However, Plaintiffs fail to cite any relevant legal authority recognizing that the forum state's interest is a valid consideration in declining to apply the first-to-file rule. According to the Ninth Circuit, "[t]he circumstances under which an exception to the first-to-file rule typically will be made include bad faith, … anticipatory suit, and forum shopping[.]" Alltrade, 946 F.2d at 628 (citations omitted). None of those concerns is implicated in this instance. In any event, Plaintiffs fail to present any explanation of how the interests of the California class would be contravened if the action were transferred to the Southern District of Texas.

## IV. CONCLUSION

On balance, the Court finds that the pertinent considerations weigh in favor of applying the first-to-file rule and transferring the instant action to the Southern District of Texas. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to transfer is GRANTED.

1      2.    The instant action is TRANSFERRED to the Southern District of Texas, Houston Division.

    3.    The motion hearing scheduled for December 13, 2011 is VACATED.

    4.    The Clerk shall close the file and terminate any pending matters.

   IT IS SO ORDERED.

Dated:  December 9, 2011

*[signature]*
SAUNDRA BROWN ARMSTRONG
United States District Judge