**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 90058)
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
29229 Canwood Street, Suite 208
Agoura Hills, California   91301
Telephone:   (818) 991-8080
Facsimile:    (818) 991-8081
ssaltzman@marlinsaltzman.com
mbradley@marlinsaltzman.com
kgrombacher@marlinsaltzman.com

**LAW OFFICES OF MICHAEL S. SORGEN**
Michael S. Sorgen, Esq. (SBN 43107)
Ryan L. Hicks, Esq. (SBN 260284)
**HOYER AND ASSOCIATES**
Richard A. Hoyer, Esq. (SBN 151931)
240 Stockton Street, 9th Floor
San Francisco, California   94108
Telephone:   (415) 956-1360
Facsimile:    (415) 276-1738
msorgen@sorgen.net
rhicks@sorgen.net
rhoyer@hoyerlaw.com

Attorneys for Plaintiff and Proposed Class

### IN THE UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANIA HERRERA and SHAMINA KHAN, and ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A. and DOES 1-100,<br><br>        Defendants. | **CASE NO.: C 11-1485 SBA**<br>**CLASS ACTION** (FRCP 23)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br>**(1)    VIOLATIONS OF THE CAL. LABOR CODE;**<br>**(2)    VIOLATIONS OF THE CAL. BUS. &   PROF. CODE §17200, _ET SEQ._;**<br>**(3)    INDIVIDUAL CLAIM FOR RETALIATION IN VIOLATION OF THE  CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (CAL. GOV. CODE §12900, _ET SEQ._)**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**_FILED PURSUANT TO 5/11/12 ORDER OF HON. NANCY J. ATLAS, USDC, SOUTHERN DISTRICT OF TEXAS, CASE NO. 4:12-CV-00040, DOC #39 [SEE CAND DOC #24]_** |

1

Plaintiffs TANIA HERRERA ("Herrera") and SHAMINA KHAN ("Khan") bring this action against WELLS FARGO BANK, N. A. ("Wells Fargo" or "Defendant") on behalf of themselves and all others similarly situated and allege as follows:

### NATURE OF THE ACTION

1.    Wells Fargo is one of this Country's largest financial institutions and provides financial services - including banking, lending, credit card and insurance services - to individual and business consumers nationwide.

2.    Wells Fargo's policy and practice is to deny earned wages, including overtime pay, to its non-exempt hourly employees at its retail branch facilities throughout the country. In particular, Wells Fargo requires its employees to be present and perform work in excess of eight hours per day and./or forty hours per work week but fails to pay them overtime accordingly, and further fails to pay for all straight time hours worked. Wells Fargo also requires such employees to perform work tasks during unpaid breaks, fails to provide meal and rest breaks, fails to timely compensate employees for all wages earned and vacation time accrued at termination, and fails to properly and accurately calculate overtime and report wages earned, hours worked, and wage rates. Wells Fargo also fails to properly pay overtime on non-discretionary bonuses provided to its non-exempt employees.

3.    Wells Fargo's deliberate failure to pay its retail branch employees their earned wages and overtime compensation violates the California Labor Code and the California Business & Professions Code.

4.    Plaintiffs bring a class action under Federal Rule of Civil Procedure 23 against Wells Fargo on behalf of non-exempt retail branch employees with the job classifications of "Assistant Manager" ("AM"), and/or "Customer Service Sales Representative" ("CSSR") employed in California for unpaid compensation,

**First Amended Class Action Complaint**
**Case No. C 11-1485 SBA**

1 unpaid overtime compensation, penalties for failing to provide meal and rest

2 periods, failing to provide itemized wage statements and failing to provide

3 vacation pay, waiting time penalties and other related penalties and damages under

4 the California Labor Code and Business & Professions Code.

5 **PARTIES**

6      5.     Defendant WELLS FARGO BANK, N.A. is a nationally chartered

7 bank with its principal place of business in California and headquarters in San

8 Francisco, California. Defendant does business in this judicial district and

9 nationwide.

10      6.     Plaintiff TANIA HERRERA is a current resident of Union City, CA.

11 She was employed as a CSSR for defendant from July 2007 through February 14,

12 2011 at its retail banking branches in San Leandro, Oakland and Hayward,

13 California. Herrera consistently worked in excess of eight hours per day and/or

14 forty hours per workweek without being compensated for all overtime worked or

15 for missed meal and rest breaks.

16      7.     Plaintiff SHAMINA KHAN is a current resident of Alameda County,

17 California. She was employed as a CSSR, personal banker and AM for defendant

18 from December 2004 through June 2009 at its retail branches in Oakland,

19 California. Khan consistently worked in excess of eight hours per day and/or forty

20 hours per workweek without being compensated for all overtime worked or for

21 missed meal and rest breaks.

22 **JURISDICTION AND VENUE**

23      8.     This Court has original jurisdiction for the California state law claims

24 pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332, in that the estimated

25 damages involved in the California claims will exceed $5,000,000 and the parties

26 to this action are residents of different states.

27

28

**First Amended Class Action Complaint**
**Case No. C 11-1485 SBA**

9.     The United States District Court for the Northern District of California has personal jurisdiction because Wells Fargo conducts business and is headquartered within this District.

10.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Wells Fargo has offices, conducts business and can be found in this District and the causes of action set forth herein have arisen and occurred within this District.

## FACTUAL ALLEGATIONS

11.    Wells Fargo is one of this nation's largest financial institutions, serving more than 70 million customers worldwide and generating over $88,686,000,000 in annual revenue in 2009. See 2009 Wells Fargo Annual Report, available at: https://www.wellsfargo.com/downloads/pdf/invest_ relations/wf2009annualreport.pdf at *6.

12.    To service the financial needs of its individual and business customers, Wells Fargo operates approximately 10,000 retail locations throughout the United States, including over 1,600 in California. See 2009 Wells Fargo Annual Report, supra, at *195.

13.    At all relevant time, Wells Fargo has employed, and/or continues to employ, "employee(s)," including each of the Plaintiffs, including the putative Class Members. At all relevant times, Wells Fargo has been, and continues to be a "person" as that term is defined under the California Business & Professions ("B&P") Code § 17201, and the California Labor Code § 1-29.5.

### A.     Wells Fargo Retail Banking Centers

14.    In its retail branch locations, Wells Fargo employs non-exempt workers under several job titles, including AMs, and CSSRs and (collectively the "Retail Branch Employees").

**First Amended Class Action Complaint
Case No. C 11-1485 SBA**

15.     Wells Fargo classified all these Retail Branch Employees as non-exempt and entitled to receive overtime pay. They are paid an hourly wage based upon a forty (40) hour workweek.

16.     Retail Branch Employees' primary function is to assist customers with their banking needs, including opening and closing the bank branch, performing bank transactions, offering and selling financial products and services, taking loan applications and handling other customer service requests.

17.     All non-exempt Wells Fargo Retail Branch Employees share a common chain of command. All Retail Branch Employees report to a Branch Manager. The Branch Manager reports directly to a District Manager. In turn, these individuals report to a Regional President.

18.     All Retail Branch Employees are similarly situated in that they share common job duties and descriptions and are all subject to Wells Fargo's policy and practice that requires them to perform work, including overtime, without compensation.

19.     Wells Fargo frequently and unavoidably required Retail Branch Employees to work uncompensated overtime due to understaffing and/or unrealistic sales quotas/goals which for the basis for quarterly non-discretionary bonuses which comprise roughly 10-30% of a Retail Branch Employee's total compensation, and Retail Branch Employees were required to work overtime hours in order to complete their job duties, including before and after their shift and also during meal and rest breaks.

20.     Wells Fargo instructed Branch Managers and applied significant pressure to restrict the amount of overtime to be paid within a branch and were only allowed a finite number of hours or amount of money that could be allocated to be paid to non-exempt employees. These systematic and company-wide policies originating at the corporate level were a cause of the illegal pay practice.

**First Amended Class Action Complaint**
**Case No. C 11-1485 SBA**

21.     Wells Fargo implements its unlawful policy and practice of failing to pay for all overtime and straight time hours worked by Retail Branch Employees under the following means: (a) Defendant does not allow them to record all hours worked, including hours in excess of eight per day and/or forty per work week; (b) it erases or modifies their recorded hours, or requires them to erase or modify their recorded hours on its electronic timekeeping system to eliminate or reduce hours worked, including hours in excess of eight per day and/or forty per work week; © it provides "comp time" in lieu of paying overtime for hours worked in excess of eight per day and/or forty per work week; and/or (d) it requires them to work during uncompensated breaks.

22.     Defendant could easily and accurately record the actual time worked by all Retail Branch Employees, including, for example, by providing a punch card clock at the door of the retail branches. However, Wells Fargo has failed to install a time-keeping system that was not subject to manipulation.

23.     In light of Wells Fargo's failure to accurately record time worked, it failed to provide accurate wage statements to Retail Branch Employees identifying all hours worked.

24.     Retail Branch Employees are also eligible for quarterly non-discretionary bonuses based on their performance with respect to the aforementioned sales quotas/goals (see above). Defendant fails to include bonuses in calculating Retail Branch Employees' regular rate of pay for the purposes of compensating overtime.

25.     The same unlawful practices and procedures described above affect the non-exempt Wells Fargo workers employed nationwide, including those in California.

/ / /

/ / /

6

**First Amended Class Action Complaint**
**Case No. C 11-1485 SBA**

### B.    Timekeeping Systems

26.    All non-exempt Wells Fargo Retail Branch Employees use a nationwide centralized timekeeping system to record their hours worked.

27.    If an employee does not enter their time worked for a particular workweek, the centralized timekeeping system automatically populates all of the employee's timesheets with their scheduled hours, including automatic deductions for lunch breaks.

28.    Retail Branch Employees were routinely instructed not to record overtime and informed that this time would not be paid.

29.    In accordance with Defendant's policy and practice, Retail Branch Employees often did not change their pre-populated timecards in the centralized timekeeping system when they worked more than eight hours per day and/or forty hours per week. Wells Fargo's timekeeping system records and tracks all occasions where the pre-populated timecards were submitted and should readily be ascertainable on a class wide basis.

30.    All Retail Branch Employees were required to submit their timesheets to management for approval.

31.    As part of the approval process, Wells Fargo permitted and encouraged managers to direct Retail Branch Employees to modify or decrease the time recorded, if time was recorded in addition to the pre-populated scheduled hours to deny the payment of wages, including overtime. Requiring Retail Branch Employees change their own time sheets helped to cover the fact that time worked was being deleted at Wells Fargo's discretion.

32.    Upon information and belief, Wells Fargo routinely requires its employees delete such recorded time worked, or to refrain from recording such time to avoid paying overtime.

/ / /

**First Amended Class Action Complaint**
**Case No. C 11-1485 SBA**

## C. Facts Regarding Willfulness of Violation

33.    Wells Fargo engaged in systematic and uniform timekeeping practices with respect to its Retail Branch Employees that were unlawful, unfair and deceptive to those employees.

34.    Wells Fargo systematically failed to maintain a timekeeping system for its Retail Branch Employees that was immutable and not subject to manipulation at each and every retail branch.

35.    At all relevant times, Wells Fargo was aware of the fact that its timekeeping practices were improper and mutable. Moreover, the managers at each retail bank branch are present throughout the workday and both open and close the branches, and can physically see when Retail Branch Employees are present and working without compensation.

36.    The net effect of Defendant's policy and practice, instituted and approved by company management, is that Wells Fargo willfully fails to pay overtime compensation and willfully fails to keep accurate time records, in order to save payroll costs. Wells Fargo enjoys millions of dollars in ill-gained profits at the expense of its hourly employees.

## CLASS ALLEGATIONS

37.    Plaintiffs this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of themselves and the following class of persons:

> All current and former non-exempt Wells Fargo employees who have worked in California at a Wells Fargo retail branch as an Assistant Manager, and/or Customer Service Sales Representative a at any time since the date four years prior to this filing.

38.    Excluded from the California Class are Wells Fargo, its legal representatives, assignees and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

**First Amended Class Action Complaint**
**Case No. C 11-1485 SBA**

39.     All similarly situated persons who do not opt-out of the California
Class, if certified for class-wide treatment, may pursue the California state law
claims.

40.     <u>Numerosity</u>: The members of the California Class are so numerous
that joinder of all members is impracticable.  The exact number of class members
is unknown at the present time for each of these Classes, but the number should
easily be in the thousands.

41.     <u>Commonality</u>: There are numerous questions of law and fact common
to the California Class. These questions include, but are not limited to:

    A.     Whether Wells Fargo's policies and practices described in this
Complaint were and are illegal;

    B.     Whether Wells Fargo has engaged in a common course of
failing to compensate its non-exempt employees for all hours
worked, including straight time and overtime;

    C.     Whether Wells Fargo has engaged in a common course of
requiring or permitting its non-exempt employees to work off
the clock without compensation;

    D.     Whether Wells Fargo has engaged in a common course of
requiring or permitting its non-exempt employees not to report
all hours worked;

    E.     Whether Wells Fargo has engaged in a common course of
failing to maintain accurate time records for all hours worked
by its non-exempt employees;

    F.     Whether Wells Fargo has engaged in a common course of
failing to factor in all forms of remuneration to calculate
overtime pay rates;

**First Amended Class Action Complaint**
**Case No. C 11-1485 SBA**

G.   Whether Wells Fargo has engaged in a common course of failing to provide non-exempt employees with accurate itemized wage statements;

H.   Whether Wells Fargo has engaged in a common course of instructing its non-exempt employees to alter their time records;

I.   Whether Wells Fargo has engaged in a common course of failing to provide its non-exempt employees with all of the rest breaks to which they are entitled;

J.   Whether Wells Fargo has engaged in a common course of failing to provide its non-exempt employees with uninterrupted, off-duty meal periods;

K.   Whether Wells Fargo has engaged in a common course of failing to pay non-exempt employees all wages due upon termination;

L.   Whether Wells Fargo has engaged in a common course of failing to pay its non-exempt employees for all vested and unused vacation pay at the time of termination;

M.   Whether Wells Fargo has engaged in unfair competition by the above-listed conduct; and

N.   Whether Wells Fargo's actions were willful.

42.   <u>Typicality</u>: The claims of each Class Representative are typical of the claims of their respective Classes. The Class Representatives were paid under the same policy and procedure as all members of their respective Classes. Similarly, the Class Representatives' claims, like the claims of their respective Classes, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

10

**First Amended Class Action Complaint**
**Case No. C 11-1485 SBA**

43.   <u>Adequacy</u>: The Class Representatives will fairly and adequately protect the interests of their respective Classes. The Class Representatives have retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including employment, and more specifically, wage and hour, litigation. The Class Representatives and their counsel are committed to vigorously prosecuting this action on behalf of the respective Classes and have the financial resources to do so. Neither the Class Representatives nor their counsel have interests that are contrary to or that conflict with those of the proposed Classes.

44.   <u>Predominance</u>: Certification of the respective classes is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to class members predominate over any questions affecting only individual members. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy. Moreover, there are no unusual difficulties likely to be encountered in the management of this case as a class action.

45.   <u>Superiority</u>: The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of these claims. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence, effort and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which Plaintiffs can effectively litigate against a large, well-represented corporate defendant like Wells Fargo. In the absence of a class action, Wells Fargo would be unjustly enriched because they would be able to retain the benefits and fruits of the many wrongful violations of California state

**First Amended Class Action Complaint**
**Case No. C 11-1485 SBA**

laws. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Wells Fargo's conduct over and over again.

46.     <u>Appropriateness of Injunctive and Declaratory Relief</u>. Wells Fargo has acted or refused to act on grounds generally applicable to the California Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the California Class as a whole. Prosecution of separate actions by individual members of the California Class would create the risk of inconsistent or varying adjudications with respect to individual members of the California Class that would establish incompatible standards of conduct for Defendant.

## FIRST CAUSE OF ACTION

**FAILURE TO PAY STRAIGHT TIME WAGES**
**(CALIFORNIA LABOR CODE §§ 204, 218)**
**(BROUGHT BY PLAINTIFFS ON BEHALF OF THEMSELVES AND**
**ALL OTHERS SIMILARLY SITUATED)**

47.     Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

48.     California law requires an employer to pay its employees for all hours worked.

49.     Plaintiffs allege that Wells Fargo maintained a practice of paying employees without regard to the number of hours actually worked. Defendant's practice included requiring employees to work off the clock without pay on a systematic and daily basis. In doing so, Wells Fargo required Plaintiffs and the California Class Members to inaccurately under-report the amount of time worked, and Defendant underpaid the actual amount of hours worked.

**First Amended Class Action Complaint**
**Case No. C 11-1485 SBA**

50.     Because of Wells Fargo's failures as alleged herein, Plaintiffs and the California Class Members did not receive compensation for all hours actually worked for Defendant.

51.     Wells Fargo's respective failure to pay the correct amount of straight-time hourly wages permits a civil suit to recover wages due to Plaintiffs and the California Class Members under California Labor Code § 204 and § 218, as well as recovery of interest.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES
**(CALIFORNIA LABOR CODE §§ 204, 210, 510, 515 558, 1194)**
**(BROUGHT BY PLAINTIFFS ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED)**

52.     Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

53.     Plaintiffs, on behalf of themselves and the California Class Members, bring a claim for Wells Fargo's violation of the California Labor Code §§ 204, 210, 510, 515, 558 and 1194 and California Industrial Wage Order No. 4 (8 C.C.R. § 11040, as amended throughout the Class Period) for its failure to pay them and the California Class Members for hours worked in excess of eight per day, or forty per work week.

54.     California Labor Code § 204 requires employers to pay employees for all hours worked.

55.     California Labor Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to the Plaintiffs or the California Class Members.

56.     Throughout the liability period, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 510 required payment of overtime premium(s) for hours worked in excess of eight in a given workday, forty in a

given workweek, or up to eight hours on the seventh day worked in a single workweek. This premium increases to double-time for all hours worked over twelve in a workday or eight on the seventh day worked in a single workweek.

57.   Plaintiffs and the California Class Members often worked in excess of the maximum number of straight-time hours allowed by law without payment of the applicable overtime premiums.

58.   Wells Fargo failed to pay the Plaintiffs and the California Class Members the overtime required by California law.

59.   Wells Fargo's failure to pay the correct amount of overtime violates IWC Wage Order No. 4 (8 C.C.R. § 11040, as amended during the Class Period), and California Labor Code §§ 510 and 1198, and is therefore unlawful.

60.   Because Wells Fargo failed to properly pay overtime as required by law, Plaintiffs and the California Class Members are entitled under California Labor Code § 1194(a) to recover the unpaid overtime balance, interest thereon, reasonable attorneys' fees, and costs of suit.

### THIRD CAUSE OF ACTION

**FAILURE TO PAY WAGES DUE AND OWING
AT TIME OF TERMINATION
(CALIFORNIA LABOR CODE §§ 201-203)
(BROUGHT BY PLAINTIFFS ON BEHALF OF THEMSELVES
AND ALL OTHERS SIMILARLY SITUATED)**

61.   Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

62.   Plaintiffs, on behalf of themselves and the California Class Members, bring a claim for Wells Fargo's violation of California Labor Code §§ 201-203 by failing to timely pay all wages owed upon the termination of Plaintiffs and all California Class Members whose employment terminated during the class period.

63.   California Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee upon discharge.

**First Amended Class Action Complaint
Case No. C 11-1485 SBA**

64.     California Labor Code § 202 requires an employer to promptly pay compensation due and owing to a quitting employee within 72 hours of that employee's notice of resignation.

65.     California Labor Code § 203 provides that, if an employer willfully fails to pay compensation upon discharge or resignation, the wages of the employee shall continue for a period up to thirty days.

66.     Wells Fargo has willfully failed to pay all compensation and wages owed, including straight time and overtime pay, upon discharge or within 72 hours of termination. As a result, Defendant is liable to Plaintiffs and the California Class Members who are former Wells Fargo employees for continuation wages in an amount to be determined at trial. Plaintiffs and the former California Class Members are also entitled to payment of their reasonable attorneys' fees, interest and costs of suit incurred in recovering the additional pay.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**
**(CALIFORNIA LABOR CODE §§ 226)**
**(BROUGHT BY PLAINTIFFS ON BEHALF OF THEMSELVES AND**
**ALL OTHERS SIMILARLY SITUATED)**

67.     Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

68.     Plaintiffs, on behalf of themselves and the California Class Members, bring a claim for Wells Fargo's violation of California Labor Code § 226 by failing to provide an accurately itemized statement in writing showing the correct amount of pay for gross wages earned, hours worked, applicable hourly rates, and the corresponding number of hours worked at each hourly rate.

69.     California Labor Code § 226 requires an employer to provide its employees with an accurate itemized statement in writing showing, among other things, the total hours worked by the employee. California Labor Code § 226

provides for damages and penalties for a knowing and intentional failure by an employer to comply with this requirement.

70.  Wells Fargo has knowingly and intentionally failed to provide accurate itemization of Plaintiffs' and California Class Members' hours worked per paycheck.

71.  Had the Plaintiffs received an accurate itemization of their hours worked, they, among other things, would have been able to discover that Wells Fargo's policy was to underpay them for their actual time worked. Failure to provide an itemization of hours worked assisted Defendant in perpetrating its policy and not paying for actual hours worked.

72.  As a result, Wells Fargo is liable to Plaintiffs and the California Class Members for damages in an amount to be determined at trial. In addition, Plaintiffs and the California Class Members are entitled to penalties as provided in § 226 and payment of their reasonable attorneys' fees and costs of suit incurred in recovering the additional pay.

## FIFTH CAUSE OF ACTION

**FAILURE TO PROVIDE REST AND MEAL BREAKS**
**(CALIFORNIA LABOR CODE §§ 226.7, 512)**
**(BROUGHT BY PLAINTIFFS ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED)**

73.  Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

74.  Plaintiffs, on behalf of themselves and the California Class Members, bring a claim for Wells Fargo's violations of California Labor Code §§ 226.7 and California Industrial Wage Order No. 4 (8 C.C.R. § 11040), as amended throughout the Class Period) by failing to provide off-duty rest and meal periods. In particular, Defendant requires the Plaintiffs and the California Class Members to perform work during break times.

**First Amended Class Action Complaint**
**Case No. C 11-1485 SBA**

75.    Plaintiffs and the California Class Members regularly worked in excess of five (5) hours per day without being afforded at least one half-hour meal period in which they were relieved of all duty, as required by California Labor Code §§ 226.7 and 512 and Wage Order No. 4 (8 C.C.R. § 11040).

76.    Plaintiffs and the California Class Members routinely worked in excess of four hours per day without being afforded a 10-minute rest period.

77.    Plaintiffs and the California Class Members routinely worked in excess of eight hours per day without being afforded either or both of the two (2) 10-minute rest periods as required by California Labor Code § 226.7 and Wage Order No. 4 (8 C.C.R. § 11040).

78.    For each time that a member of the California Class was not provided the rest and/or meal period, that individual is entitled to recover back pay wages in the amount of one additional hour of pay at each employee's regular rate of compensation pursuant to IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 226.7.

79.    Plaintiffs and the California Class Members are entitled to payment for back pay for each rest and/or meal period that Wells Fargo failed to provide during the Class Period. Plaintiffs and the California Class Members are also entitled to payment of their reasonable attorneys' fees and costs of suit incurred in recovering the additional pay.

## SIXTH CAUSE OF ACTION

**UNFAIR BUSINESS PRACTICES**
**(CALIFORNIA BUSINESS &PROFESSIONS CODE § 17200)**
**(BROUGHT BY PLAINTIFFS ON BEHALF OF THEMSELVES AND**
**ALL OTHERS SIMILARLY SITUATED)**

80.    Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

17

**First Amended Class Action Complaint**
**Case No. C 11-1485 SBA**

81.     Plaintiffs, on behalf of themselves and the California Class Members, bring a claim for Wells Fargo's violation of the California Business & Professions Code § 17200 et seq., including but not limited to its violations of California state law (including the failure to maintain accurate employee time records, the failure to pay for all hours worked, including overtime compensation, the failure to provide and pay for meal and rest periods, and the failure to pay all wages due upon discharge or termination). This conduct by Wells Fargo constitutes unlawful, unfair, fraudulent, and misleading conduct. Such unlawful and unfair acts constitute a violation of California Business and Professions Code § 17200, *et seq.*

82.     Plaintiffs and the California Class Members are victims of a company-wide policy that led to Wells Fargo's failure to: (i) record and maintain accurate time records; and (ii) pay for all hours worked.

83.     Wells Fargo's violation of the California Labor Code's and IWC Wage Order's provisions as discussed above are predicate acts that constitute a violation of § 17200 as to Plaintiffs and the California Class Members.

84.     Wells Fargo's actions, including but not limited to their California state law violations (including the failure to maintain accurate employee time records, failure to pay for all time worked, failure to pay overtime compensation, failure to provide and pay for rest and meal periods and to pay all amounts due at the time of termination of employment) constitute unlawful, unfair, fraudulent and misleading conduct. Such actions are also unfair business practices in violation of California Business & Professions Code § 17200, *et seq*.

85.     Wells Fargo's unlawful, unfair and deceptive practices are uniform as to all retail banking locations and all hourly employees in California, and the propriety of which are therefore amenable to class wide adjudication. The predominate common questions applicable to all of the California Class Members include whether Defendant's mutable time-keeping system used for retail locations

**First Amended Class Action Complaint**
**Case No. C 11-1485 SBA**

complies with Defendant's legal burden and obligations as an employer under California law.

86.     Plaintiffs are informed and believe that Wells Fargo continues its unlawful and unfair conduct as previously described because Defendant continues to refuse to pay for all wages earned by Plaintiffs and the California Class Members. As a result of said conduct, Wells Fargo has unlawfully and unfairly obtained monies owed to Plaintiffs and the California Class Members and has unfairly competed in the marketplace.

## SEVENTH CAUSE OF ACTION

### FORFEITURE OF VACATION PAY
### (CALIFORNIA LABOR CODE § 227.3)
### (BROUGHT BY PLAINTIFFS ON BEHALF OF THEMSELVES AND
### ALL OTHERS SIMILARLY SITUATED)

87.     Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

88.     California Labor Code § 227.3 makes it unlawful for an employer to cause an employee to forfeit vacation pay without compensating the employee for the vacation time at the rate of pay in effect at the time of forfeiture.

89.     During the Class Period, Wells Fargo caused Plaintiffs and California Class Members to forfeit vested paid vacation days without providing monetary compensation for it, based on their rate of pay in effect at that time. Plaintiffs are informed and believe and thereon allege that Defendant has maintained a policy and/or practice of causing the members of the California Class to forfeit vested paid vacation days without compensating them for forfeited days based on their rates of pay in effect at the time of forfeiture.

90.     As a result of the above, Plaintiffs and California Class Members seek damages and restitution, plus interest, penalties, attorneys' fees, expenses and costs

**First Amended Class Action Complaint**
**Case No. C 11-1485 SBA**

of suit, on behalf of both themselves and the other California Class Members, for forfeited vacation days in amounts subject to proof at trial.

WHEREFORE, Plaintiffs, on behalf of themselves and the California Class Members, pray for relief as follows for the Second through Eighth Causes of Action:

A.  Designation of this action as a class action under Federal Rule of Civil Procedure 23 on behalf of the California Class Members and issuance of notice to all California Class Members, apprising them of the pendency of this action;

B.  A declaration that Wells Fargo is financially responsible for notifying all California Class Members of its alleged wage and hour violations;

C.  Designation of Plaintiffs as Class Representatives for the California Class Members;

D.  Designation of Plaintiffs' Counsel as Class Counsel for the California Class Members;

E.  A declaratory judgment that the practices complained of herein are unlawful under the California Labor Code, IWC Wage Order and the California Business & Professions Code;

F.  An injunction against Wells Fargo and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

G.  An award of damages, including for straight time and overtime compensation due and unpaid vacation days as well as any liquidated, punitive or penalty damages allowed under California law, to be paid by Wells Fargo;

**First Amended Class Action Complaint
Case No. C 11-1485 SBA**

H.     An award of restitution for wages due to Plaintiffs and California Class Members to be paid by Wells Fargo in accordance with proof at trial;

I.      Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

J.      Pre-judgment and post-judgment interest, as provided by law; and,

K.     Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## EIGHTH CAUSE OF ACTION

### RETALIATORY TERMINATION
### (CALIFORNIA GOVERNMENT CODE § 12900, *ET SEQ.*)
### (BROUGHT BY PLAINTIFF HERRERA INDIVIDUALLY)

91.    Plaintiffs repeat and reallege the preceding and subsequent paragraphs as though set forth herein.

92.    Herrera began her employment with Wells Fargo on or around June 2007 at Defendant's San Leandro "Main" branch as a CSSR. In September 2007, She transferred to Defendant's Oakland branch at 40th Street and Piedmont Avenue, where she held the same position until her transfer to Defendant's "Dimond District" location in Oakland during February 2008. She worked as a CSSR at the "Dimond District" branch until she transferred to the Hayward "Main" branch in December 2009. Herrera worked as a CSSR at the Hayward branch until Wells Fargo terminated her on February 14, 2011.

93.    Herrera became romantically involved with another Wells Fargo employee, former branch manager Hector Valdez, during late 2008. The two engaged to marry during June 2009 and their relationship and subsequent engagement was common knowledge among Defendants' employees and management at both of their respective branches as of June 12, 2009.

21

**First Amended Class Action Complaint**
**Case No. C 11-1485 SBA**

94.     From June 5, 2010 to November 8, 2010, Herrera was out on maternity leave to the birth of her and Valdez' son, who was born on July 3, 2010. At some point during Herrera's maternity leave, Wells Fargo implemented a new policy requiring CSSRs to scan documents containing customer signatures and send them to the Wells Fargo Corporate Operations Department, replacing the former policy of sending such documents via Wells Fargo's internal mail system. When Herrera returned to work from her maternity leave, Wells Fargo never informed her of this change in policy, and Herrera continued to send the signature documents via internal mail in accordance with the old policy. Wells Fargo never reprimanded or disciplined Herrera for continuing to follow the old policy, and in fact, the signature documents always arrived at their destination, regardless of the method of transmission used.

95.     In January 2010, the District Manager, Adnan Siddiqui, terminated Valdez. On January 5, 2011 Valdez filed a claim with the Department of Fair Employment and Housing, alleging that his termination was discriminatory. In early February 2011, Valdez sent demand letters related to his discrimination claim to the parties involved in that dispute, including Siddiqui.

96.     On February 14, 2011, within two weeks of receiving Valdez' demand letters, Wells Fargo terminated Herrera in retaliation for Valdez having filed his discrimination claim. In a letter informing her of her termination, Defendant indicated that it fired Herrera for "Violation of Company Policies" and "Based on the violation(s) listed above [Wells Fargo has] terminated [Herrera's] employment with Wells Fargo effective 2/15/2011 and [Herrera is] not eligible for rehire." At the time of her termination, Herrera was the number one CSSR in terms of sales in the entire district, which included approximately ten retail branches.

97.     Ultimately Wells Fargo informed Herrera that it had terminated her for a single violation of the policy regarding scanning signature pages, despite

**First Amended Class Action Complaint**
**Case No. C 11-1485 SBA**

1    Herrera explaining to Defendant that she had sent the signature document using

2    the only policy she was aware of, and despite the fact that Herrera still possessed

3    the signature document, meaning it had not been lost and could still be scanned

4    and forwarded electronically. Indeed, a Wells Fargo investigator told Herrera that

5    as long as she still retained the signatures themselves, she would "be fine."

6        98.    As a proximate result of the retaliatory harassment and termination of

7    plaintiff, as alleged above, Plaintiff has been harmed in that she has lost wages,

8    bonuses and benefits, in an amount according to proof, which amount exceeds the

9    jurisdictional threshold of this court.

10       99.    As a further proximate result of Defendant's unlawful acts, Plaintiff

11   has suffered humiliation, anguish and emotional and physical distress. As a result

12   of such consequent harm, Plaintiff has been damaged in an amount according to

13   proof, which amount exceeds the jurisdictional threshold of this court.

14       100.   Defendant's engaged in the conduct described above with malice,

15   oppression, fraud, and in reckless disregard for the rights of Plaintiff.

16       101.   Herrera has been forced to retain attorneys to represent her and has

17   incurred legal fees and costs.

18       102.   Within one year of the last act of retaliation by Defendant alleged

19   herein, Plaintiff filed a charge of retaliation against Defendants with the California

20   Department of Fair Employment and Housing. A notice of the right to bring this

21   civil action was issued on March 3, 2011.

22       WHEREFORE, Herrera prays for relief as follows for the Ninth Cause of

23   Action:

24       A.    A declaratory that her termination was retaliatory in violation of the

25            FEHA;

26

27

28

23

**First Amended Class Action Complaint**
**Case No. C 11-1485 SBA**

B.      An award of damages, including lost wages, bonuses and benefits, and emotional and physical distress, as well as any punitive or penalty damages allowed under California law, to be paid by Wells Fargo;

C.      Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

D.      Pre-judgment and post-judgment interest, as provided by law; and,

E.      Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

DATED:   August 1, 2012

**MARLIN & SALTZMAN, LLP**
**LAW OFFICES OF MICHAEL S. SORGEN**
**HOYER AND ASSOCIATES**

By:   /S/   Kiley L. Grombacher
Kiley L. Grombacher, Esq.
of Marlin & Saltzman
Attorneys for Plaintiff and
Proposed Class

**First Amended Class Action Complaint**
**Case No. C 11-1485 SBA**